## SIMS v. STATE. (8 Div. 428.)

(Court of Appeals of Alabama. April 10, 1917.)

1. CRIMINAL LAW ⟐369(5) — EVIDENCE — OTHER OFFENSES.

In prosecution for larceny, it was error to admit testimony that defendant had been prosecuted in federal courts for making liquor.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822, 823.]

2. WITNESSES ⟐344(4)—IMPEACHMENT.

The making of liquor does not constitute bad character to such an extent that a man who is charged with making it cannot be believed.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1120, 1125.]

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Joe Sims was convicted of grand larceny, and he appeals. Reversed and remanded.

Wm. C. Rayburn, of Guntersville, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was tried and convicted of the offense of grand larceny, and from the judgment he appeals.

[1] On the trial the state proved by the witness Walls (transcript, p. 7), over the objection of the defendant, that the defendant had been prosecuted in the United States court for making liquor. Upon what possible theory the court permitted this evidence to go to the jury, we cannot conceive. The defendant was being tried for the larceny of an evaporator. There was no evidence to show he had ever used this evaporator for making liquor.

[2] The making of liquor does not constitute bad character to such an extent that a man who is charged with making it cannot be believed; and in this instance it is not even claimed that he was convicted. For this error the judgment of the court must be reversed, and the other questions reserved will not probably arise on another trial.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.